[740 NYS2d 644]

In the Matter of THOMAS P. LYNAUGH (Admitted as THOMAS PAUL LYNAUGH), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 22, 2002

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey dated March 28, 2001, the respondent was disbarred on consent from practicing law in that state.

The petitioner served the respondent with a notice pursuant to 22 NYCRR 691.3 apprising him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c). The defenses set forth in that statute are (1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, (2) that there was such an infirmity of proof establishing the misconduct that the Court, consistent with its duties, could not accept as final the finding of the court in the foreign jurisdiction, or (3) that the imposition of discipline by this Court would be unjust.

Although served with the petitioner's notice pursuant to 22 NYCRR 691.3 via certified mail on December 11, 2001, the respondent has not replied.

The petitioner has annexed to its notice a disbarment on consent from the New Jersey Bar which was executed by the respondent on March 21, 2001. The respondent therein averred that his consent was freely and voluntarily given and that he was aware of a pending complaint charging him with knowing misappropriation of client trust funds. The respondent acknowledged that those charges were true and that he could not successfully defend himself against them. He consented to his New Jersey disbarment with full knowledge that it would constitute an absolute barrier to his ever seeking reinstatement to the bar in the State of New Jersey.

Inasmuch as the respondent has neither raised any of the enumerated defenses to the imposition of reciprocal discipline nor requested a hearing pursuant to 22 NYCRR 691.3 (d), the petitioner's motion to impose reciprocal discipline upon him is granted. The respondent is disbarred in the State of New York based upon the disciplinary action taken in the State of New Jersey.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and McGINITY, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Thomas P. Lynaugh, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Thomas P. Lynaugh, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.